CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2023-5595   DIVISION "J"   SECTION 15

MIDTOWN INVESTMENTS, LLC

-VERSUS-

STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____   _____
                                    DEPUTY CLERK

## PETITION

Petitioner, Midtown Investments, LLC ("Midtown") is a Louisiana Limited Liability company authorized to do and doing business in this Parish and State.

1.

Defendant State Farm Fire and Casualty Company ("State Farm") is a foreign insurer authorized to do and doing business in this Parish and State. State Farm provided businessowners coverage to plaintiff that covered property damage to 130-136 S. Broad St., New Orleans, LA 70119 pursuant to Policy Number 98CW66714 for the policy period April 28, 2021 through April 28, 2022.

2.

On August 29, 2021 Hurricane Ida made landfall in Orleans Parish, Louisiana causing extensive interior and exterior damage to the insured property due to high winds and rain.

3.

Plaintiffs received an estimate prepared by State Farm in the amount of $47,322.71 and after applying the deductible and depreciation deductibles State Farm issued a check to the plaintiff in the amount of $24,798.03.

4.

Assured Value Claims Public Adjusting, LLC prepared an estimate in the amount of $457,565.04 on behalf of plaintiff which was provided to defendant as a Sworn Statement in Proof of Loss.

5.

Defendant has failed and/or refused to pay for the property damages that are ongoing.

1 | Page


VERIFIED
6/26/23

6.

The gross undervaluation of this claim by the defendant supports petitioner's assertion that the insurer was not acting in good faith within the settlement negotiations. Defendant has been arbitrary and capricious in refusing to make a reasonable and substantial offer to satisfy petitioner's claim within thirty (30) days after receipt of satisfactory proofs of loss, and subjects the insurers to penalties and attorneys' fees under La.R.S. 22:1892.

7.

Defendants have violated the provisions of La. R.S. 22:1892 (A)(1), (3), (4) and B(1) in the following respects:

    a.    Despite having effectively already received a satisfactory proof of loss, defendant failed to pay the amount due petitioner within thirty days after receipt thereof;

    b.    Defendant failed to initiate adjustment of the property claim within thirty days after notification;

    c.    Defendant failed to make a written offer to settle the property damage claim within thirty days after receipt of satisfactory proof of loss; and

    d.    Defendant failed to pay or make a written offer to settle petitioner's claim within thirty days after receipt of proof of loss and such failure is arbitrary, capricious and without probable cause.

8.

Defendant has violated the provisions of La. R.S. 22:1973A and B(5) in the following respects:

    a.    Defendant violated their duty of good faith and fair dealing owed to petitioner, and continued to violate its affirmative duty to adjust claims promptly and fairly and to make a reasonable effort to settle petitioner's claim for a period in excess of approximately 12 months following notification of the claim; and

    b.    Defendant knowingly, arbitrarily, capriciously and without probable cause, failed to pay the amount of the claim due petitioners insured under its policy within sixty days after receipt of satisfactory proof of loss.

9.

Pursuant to the provisions of the policy and considering defendant's aforesaid statutory violations, defendant is indebted unto petitioners for the following:

a. The amount necessary to repair the damages to the insured building and property caused by wind and rain related to a hurricane, which building damages have been estimated at $457,565.04 less amounts previously paid;

b. A penalty in the amount of 50% on the amount found to be due petitioners, or $1,000.00, whichever is greater, pursuant to the provisions of La. R.S. 22:1892(1);

c. Consequential damages suffered by petitioners as a result of defendants' violation of the provisions of La. R.S. 22:1973A, such damages to include loss of use, deterioration of property during which it could not be repaired, as well as any other consequential damages that may be shown at the time of trial in this matter;

d. A penalty pursuant to the provisions of La. R.S. 22:1793C, in an amount not to exceed two times the damages sustained by petitioners, or $5,000.00, whichever is greater;

e. Legal interest upon all of the aforesaid amounts from date of judicial demand until paid;

f. Attorney's fees incurred by petitioner in having to prosecute these proceedings; and

g. All costs of these proceedings.

**WHEREFORE**, petitioner prays that defendant be served with a copy of this petition, and be duly cited to appear and answer same within the time prescribed by law, and that after due proceedings had, there be judgment herein in favor of petitioner, Mid Town Investments, LLC, and against defendant, State Farm Fire and Casualty Company, in amounts to be determined by this Honorable Court, as follows:

a. The amount necessary to repair the damages to the insured building, reimbursement for contents caused by wind and rain related to a tornado, which building damages have been estimated at $457,565.04 less amounts previously paid;

b. A penalty in the amount of 50% on the amount found to be due petitioner, or $1,000.00, whichever is greater, pursuant to the provisions of La. R.S. 22:1892B(1);

c. Consequential damages suffered by petitioner as a result of defendant's violation of the provisions of La. R.S. 22:1973A, such damages to include, loss of use, deterioration of property during which it could not be repaired, and petitioner's mental anguish, distress and inconvenience, as well as any other consequential damages that may be shown at the time of trial in this matter;

d. A penalty pursuant to the provisions of La. R.S. 22:1973C, in an amount not to exceed two times the damages sustained by petitioners, or $5,000.00, whichever is greater;

e. Legal interest upon all of the aforesaid amounts from date of judicial demand until paid;

f. Attorney's fees incurred by petitioner in having to prosecute these proceedings; and

g. All costs of these proceedings.

And for all other general and equitable relief as may be appropriate in the premises.

Respectfully submitted:

| **GERALD WASSERMAN, LLC** | **STEVEN E. PSARELLIS, APLC** |
|---|---|
| /s/ Gerald Wasserman | /s/ Steven E. Psarellis |
| GERALD WASSERMAN, (#13253) | STEVEN E. PSARELLIS, (18013) |
| 3939 N. Causeway Blvd., Ste. 200 | 3939 N. Causeway Blvd., Ste. 100 |
| Metairie, LA 70002 | Metairie, LA 70002 |
| (504) 846-5700, (504) 846-5719 fax | (504) 8596-6777, (504) 524-0713 fax |
| Co-Counsel for Plaintiff | Counsel for Plaintiff |
| Email: galynn@wasslawfirm.com | Email: steven@psarellislaw.com |

**PLEASE SERVE:**

STATE FARM FIRE AND CASUALTY COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809



# Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 27305132**
**Date Processed: 07/19/2023**

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| Entity: | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| Entity Served: | State Farm Fire and Casualty Company |
| Title of Action: | Midtown Investments, LLC vs. State Farm Fire and Casualty Company |
| Matter Name/ID: | Midtown Investments, LLC vs. State Farm Fire and Casualty Company (14351109) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Orleans Parish Civil District Court, LA |
| Case/Reference No: | 2023-5595 J-15 |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 07/19/2023 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | Secretary Of State |
| How Served: | Certified Mail |
| Sender Information: | Gerald Wasserman, LLC<br>504-846-5700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# State of Louisiana
## Secretary of State

07/18/2023

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
C/O CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802-5921

Suit No.: 20235595
CIVIL DISTRICT COURT
ORLEANS PARISH

MIDTOWN INVESTMENTS, LLC
vs
STATE FARM FIRE AND CASUALTY COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: M. LOCKWOOD

Date: 07/17/2023
Title: DEPUTY SHERIFF

No: 1290922



TG

ATTORNEY'S NAME: Wasserman, Gerald D 13253
AND ADDRESS: 3939 N. Causeway Blvd., Suite 200, Metairie, LA 70002

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2023-05595          DIVISION: J          SECTION: 15

### MIDTOWN INVESTMENTS, LLC

Versus

### STATE FARM FIRE AND CASUALTY COMPANY

### CITATION

TO: STATE FARM FIRE AND CASUALTY COMPANY
THROUGH: THE LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE, BATON ROUGE, LA 70809

*SERVED ON R. KYLE ARDOIN*
*JUL 17 2023*
*SECRETARY OF STATE*
*COMMERCIAL DIVISION*

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages (PETITION)

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA June 26, 2023

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by *Malik Haley*
Malik Haley, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within **Petition for Damages (PETITION) ON STATE FARM FIRE AND CASUALTY COMPANY THROUGH: THE LOUISIANA SECRETARY OF STATE** Returned the same day _____ No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / _____ PAPER  RETURN  ___/___/___ SERIAL NO.  DEPUTY  PARISH | On this _____ day of _____ served a copy of the within **Petition for Damages (PETITION) ON STATE FARM FIRE AND CASUALTY COMPANY THROUGH: THE LOUISIANA SECRETARY OF STATE** by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **STATE FARM FIRE AND CASUALTY COMPANY** being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |

ID: 11166355                    Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2023 - 5595  DIVISION "J"  SECTION: 15

MIDTOWN INVESTMENTS, LLC

-VERSUS-

STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____  _____
                                   DEPUTY CLERK

## PETITION

Petitioner, Midtown Investments, LLC ("Midtown") is a Louisiana Limited Liability company authorized to do and doing business in this Parish and State.

1.

Defendant State Farm Fire and Casualty Company ("State Farm") is a foreign insurer authorized to do and doing business in this Parish and State. State Farm provided businessowners coverage to plaintiff that covered property damage to 130-136 S. Broad St., New Orleans, LA 70119 pursuant to Policy Number 98CW66714 for the policy period April 28, 2021 through April 28, 2022.

2.

On August 29, 2021 Hurricane Ida made landfall in Orleans Parish, Louisiana causing extensive interior and exterior damage to the insured property due to high winds and rain.

3.

Plaintiffs received an estimate prepared by State Farm in the amount of $47,322.71 and after applying the deductible and depreciation deductibles State Farm issued a check to the plaintiff in the amount of $24,798.03.

4.

Assured Value Claims Public Adjusting, LLC prepared an estimate in the amount of $457,565.04 on behalf of plaintiff which was provided to defendant as a Sworn Statement in Proof of Loss.

5.

Defendant has failed and/or refused to pay for the property damages that are ongoing.

6.

The gross undervaluation of this claim by the defendant supports petitioner's assertion that the insurer was not acting in good faith within the settlement negotiations. Defendant has been arbitrary and capricious in refusing to make a reasonable and substantial offer to satisfy petitioner's claim within thirty (30) days after receipt of satisfactory proofs of loss, and subjects the insurers to penalties and attorneys' fees under La.R.S. 22:1892.

7.

Defendants have violated the provisions of La. R.S. 22:1892 (A)(1), (3), (4) and B(1) in the following respects:

a. Despite having effectively already received a satisfactory proof of loss, defendant failed to pay the amount due petitioner within thirty days after receipt thereof;

b. Defendant failed to initiate adjustment of the property claim within thirty days after notification;

c. Defendant failed to make a written offer to settle the property damage claim within thirty days after receipt of satisfactory proof of loss; and

d. Defendant failed to pay or make a written offer to settle petitioner's claim within thirty days after receipt of proof of loss and such failure is arbitrary, capricious and without probable cause.

8.

Defendant has violated the provisions of La. R.S. 22:1973A and B(5) in the following respects:

a. Defendant violated their duty of good faith and fair dealing owed to petitioner, and continued to violate its affirmative duty to adjust claims promptly and fairly and to make a reasonable effort to settle petitioner's claim for a period in excess of approximately 12 months following notification of the claim; and

b. Defendant knowingly, arbitrarily, capriciously and without probable cause, failed to pay the amount of the claim due petitioners insured under its policy within sixty days after receipt of satisfactory proof of loss.

9.

Pursuant to the provisions of the policy and considering defendant's aforesaid statutory violations, defendant is indebted unto petitioners for the following:

a. The amount necessary to repair the damages to the insured building and property caused by wind and rain related to a hurricane, which building damages have been estimated at $457,565.04 less amounts previously paid;

b. A penalty in the amount of 50% on the amount found to be due petitioners, or $1,000.00, whichever is greater, pursuant to the provisions of La. R.S. 22:1892(1);

c. Consequential damages suffered by petitioners as a result of defendants' violation of the provisions of La. R.S. 22:1973A, such damages to include loss of use, deterioration of property during which it could not be repaired, as well as any other consequential damages that may be shown at the time of trial in this matter;

d. A penalty pursuant to the provisions of La. R.S. 22:1793C, in an amount not to exceed two times the damages sustained by petitioners, or $5,000.00, whichever is greater;

e. Legal interest upon all of the aforesaid amounts from date of judicial demand until paid;

f. Attorney's fees incurred by petitioner in having to prosecute these proceedings; and

g. All costs of these proceedings.

**WHEREFORE**, petitioner prays that defendant be served with a copy of this petition, and be duly cited to appear and answer same within the time prescribed by law, and that after due proceedings had, there be judgment herein in favor of petitioner, Mid Town Investments, LLC, and against defendant, State Farm Fire and Casualty Company, in amounts to be determined by this Honorable Court, as follows:

a. The amount necessary to repair the damages to the insured building, reimbursement for contents caused by wind and rain related to a tornado, which building damages have been estimated at $457,565.04 less amounts previously paid;

b. A penalty in the amount of 50% on the amount found to be due petitioner, or $1,000.00, whichever is greater, pursuant to the provisions of La. R.S. 22:1892B(1);

c. Consequential damages suffered by petitioner as a result of defendant's violation of the provisions of La. R.S. 22:1973A, such damages to include, loss of use, deterioration of property during which it could not be repaired, and petitioner's mental anguish, distress and inconvenience, as well as any other consequential damages that may be shown at the time of trial in this matter;

d. A penalty pursuant to the provisions of La. R.S. 22:1973C, in an amount not to exceed two times the damages sustained by petitioners, or $5,000.00, whichever is greater;

e. Legal interest upon all of the aforesaid amounts from date of judicial demand until paid;

f. Attorney's fees incurred by petitioner in having to prosecute these proceedings; and

g. All costs of these proceedings.

And for all other general and equitable relief as may be appropriate in the premises.

Respectfully submitted:

| | |
|---|---|
| **GERALD WASSERMAN, LLC** | **STEVEN E. PSARELLIS, APLC** |
| *Gerald Wasserman* | *[signature]* |
| GERALD WASSERMAN, (#13253) | STEVEN E. PSARELLIS, (18013) |
| 3939 N. Causeway Blvd., Ste. 200 | 3939 N. Causeway Blvd., Ste. 100 |
| Metairie, LA 70002 | Metairie, LA 70002 |
| (504) 846-5700, (504) 846-5719 fax | (504) 8596-6777, (504) 524-0713 fax |
| Co-Counsel for Plaintiff | Counsel for Plaintiff |
| Email: galynn@wasslawfirm.com | Email: steven@psarellislaw.com |

**PLEASE SERVE:**

STATE FARM FIRE AND CASUALTY COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

**A TRUE COPY**

*[signature]*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

KYLE ARDOIN  
SECRETARY OF STATE  
P.O. BOX 94125  
BATON ROUGE, LA 70804-9125



9489 0090 0027 6533 0424 07

Label 890-PB, Oct. 20  
Pitney Bowes





FIRST CLASS

US POSTAGE — PITNEY BOWES

ZIP 70802  
02 4W        $ 015.50⁰  
0000382747 JUL 18 2023

STATE FARM FIRE & CASUALTY COMPANY  
STATE FARM INSURANCE COMPANIES  
C/O CORPORATION SERVICE COMPANY  
501 LOUISIANA AVENUE  
BATON ROUGE, LA 70802-5921

ATTORNEY'S NAME: Wasserman, Gerald D 13253
AND ADDRESS: 3939 N. Causeway Blvd., Suite 200, Metairie, LA 70002

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2023-05595    DIVISION: J    SECTION: 15

### MIDTOWN INVESTMENTS, LLC

Versus

### STATE FARM FIRE AND CASUALTY COMPANY

**CITATION**

TO: STATE FARM FIRE AND CASUALTY COMPANY
THROUGH: THE LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE, BATON ROUGE, LA 70809

I made service on the named party through the Office of the Secretary of State on JUL 1 7 2023 by tendering a copy of this document to:
JULIE NESBITT
DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, LA

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the Petition for Damages (PETITION) a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

**ADDITIONAL INFORMATION**

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA June 26, 2023

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Malik Haley, Deputy Clerk

**SHERIFF'S RETURN**
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within Petition for Damages (PETITION) ON STATE FARM FIRE AND CASUALTY COMPANY THROUGH: THE LOUISIANA SECRETARY OF STATE Returned the same day _____ No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / _____ /PAPER  /  RETURN  / SERIAL NO.  DEPUTY  PARISH | On this _____ day of _____ served a copy of the within Petition for Damages (PETITION) ON STATE FARM FIRE AND CASUALTY COMPANY THROUGH: THE LOUISIANA SECRETARY OF STATE by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said STATE FARM FIRE AND CASUALTY COMPANY being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |

VERIFIED

ID: 11166355    Page 1 of 2



Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.