## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MIDTOWN INVESTMENTS, LLC** | * | **CIVIL ACTION NO. 2:23-cv-06713** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE: _____** |
| | * | |
| | * | |
| **STATE FARM FIRE &** | * | **MAGISTRATE _____** |
| **CASUALTY COMPANY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND DEFENSES

**NOW COMES** Defendant, State Farm Fire and Casualty Company ("State Farm"), through undersigned counsel, who files this Answer and, to the extent applicable, Defenses, and in support of same, states as follows:

And now, in further responding to the allegations, State Farm asserts the following affirmative defenses, to the extent applicable:

## FIRST DEFENSE

The claims asserted in the Complaint for Damages are based on a contract of insurance between the parties. State Farm avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

## SECOND DEFENSE

Certain damages sought by Plaintiffs were not caused by a covered cause of loss pursuant to the terms and conditions of the applicable State Farm insurance policy.

## THIRD DEFENSE

To the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, that Plaintiffs have already been paid everything that they are owed under the insurance policy, and in the event of a further judgment in favor of Plaintiffs, State Farm claims a credit or a setoff for all amounts previously paid.

## FOURTH DEFENSE

State Farm avers that the insurance policy at issue excludes the following losses:

### SECTION I – LOSSES NOT INSURED

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    . . . .

    g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

    h. corrosion, electrolysis, or rust;

    i. wet or dry rot;

    . . . .

    k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;
    
    ….

    However, we will pay for any resulting loss from items a. through 1. Unless the resulting loss is itself a Loss Not Insured by this Section.

## **FIFTH DEFENSE**

State Farm avers that the insurance policy at issue excludes the following losses:

### **SECTION 1 – LOSSES NOT INSURED**

. . . .

2. We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or external forces, or occurs as a result of any combination of these:

    . . . .

    d. Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

    . . . .

    g. Fungus, including:

        (1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the residence premises or location of the rebuilding, repair, or replacement, by fungus;

        (2) any remediation of fungus, including the cost to:

            (a) remove the fungus from covered property or to repair, restore, or replace that property; or

            (b) tear out and replace any part of the building structure or other property as needed to gain access to the fungus; or

        (3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of fungus, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

## **SIXTH DEFENSE**

State Farm avers that the insurance policy at issue excludes the following losses:

**SECTION I – LOSSES NOT INSURED**

. . . .

3. We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

   b. defect, weakness, inadequacy, fault, or unsoundness in:

      (1) planning, zoning, development, surveying, or siting;

      (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

      (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

      (4) maintenance;

      of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

   c. weather conditions.

   However, we will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described by this Section.

**SEVENTH DEFENSE**

State Farm avers that the insurance policy at issue states the following:

**SECTION I – LOSS SETTLEMENT**

Only the Loss Settlement Provisions shown in the Declarations apply. We will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and we will not pay, any amount for diminution of value.

**COVERAGE A – DWELLING**
1. A1 – Replacement Cost Loss Settlement – Similar Construction

   a. We will pay the cost to repair or replace with like kind and quality for the same use on the premises shown in the Declarations, the damaged part of the property

    covered under SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

    (1) until actual repair or replacement is completed, we will pay only the actual cash value of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

    (2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

    (3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

    (4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating construction, repair, or demolition of a building structure or other structure, except as provided under OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law.

 b. Wood Fences: We will pay the actual cash value for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – Other Structures

## EIGHTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

### SECTION I – LOSS SETTLEMENT

. . . .

**COVERAGE B – PERSONAL PROPERTY**

1. B1 – Limited Replacement Cost Loss Settlement

 a. We will pay the cost to repair or replace property covered under SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY with property of like kind and quality, except for property listed in item b. below, subject to the following:

    (1) until repair or replacement is completed, we will pay only the actual case value of the damaged property;

    (2) after repair or replacement is completed, we will pay the difference between the actual cash value and the cost you have actually and

                    necessarily spent to repair or replace the property; and

        (3)     if property is not repaired or replaced within two years after the date of loss, we will pay only the actual cash value.

    b.     We will pay market value at the time of loss for:

        (1)     antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

        (2)     articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

        (3)     property not useful for its intended purpose.

However, we will not pay an amount exceeding the smallest of the following for items a. and b. above:

        (1)     our cost to replace at the time of loss;

        (2)     the full cost of repair

        (3)     any special limit of liability described in this policy; or

        (4)     any applicable Coverage B limit of liability.

## **NINTH DEFENSE**

State Farm avers that the insurance policy at issue states the following:

### **SECTION I – CONDITIONS**

. . . .

2.    Your Duties After Loss. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed.

    . . . .
    b.     protect the property from further damage or loss and also:

        (1)     make reasonable and necessary temporary repairs required to protect the property; and

        (2)     keep an accurate record of repair expenses;

    d.     as often as we reasonably require:

       (1) exhibit the damaged property;

       (2) provide us with any requested records and documents and allow us to make copies;

       (3) while not in the presence of any other insured:

            (a) give statements; and

            (b) submit to examinations under oath; and

       (4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and

   e.   submit to us, within 60 days after the loss, your signed, sworn proof of loss that sets for to the best of your knowledge and belief:

. . . .

However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss to us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

### **TENTH DEFENSE**

State Farm avers that the insurance policy at issue states the following:

### **SECTION I – PROPERTY COVERAGES**

. . . .

### **COVERAGE C – LOSS OF USE**

The most we will pay for the sum of all losses combined under Additional Living Expense, Fair Rental Value, and Prohibited Use is the limit of liability shown in the Declarations for Coverage C – Loss of Use.

1.    Additional Living Expense. When a loss insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

    a.    the time required to repair or replace the premises;

  b.  the time required for your household to settle elsewhere; or

  c.  24 months.

. . . .

3. Prohibited Use. We will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits your use of the residence premises, provided that:

  a.  direct physical damage occurs to any property, other than covered property located on the residence premises, arising from a cause of loss that would be a loss insured under this policy if the damage had occurred to the property on the residence premises;

  b.  the residence premises is within one mile of property damaged by a cause of loss identified in 3.a. above; and

  c.  the action of the civil authority is take in response to:

    (1) dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

    (2) dangerous physical conditions resulting from the damaged caused by the cause of loss identified in 3.a. above;

    (3) the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

We will not pay for loss or expense due to cancellation of a lease or agreement.

## ELEVENTH DEFENSE

Should it be found that the damages sought by Plaintiffs were caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

## TWELTH DEFENSE

State Farm affirmatively pleads the doctrine of payment, accord and satisfaction, set-off and/or for a credit to the extent same may be applicable or available. State Farm, as the alleged homeowner's insurer, further pleads all rights and defenses arising from the existence of and payment to Plaintiff from any source.

**THIRTEENTH DEFENSE**

State Farm avers that the insurance policy at issue states the following:

. . . .

**COVERAGE A – DWELLING**

We will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. **However, loss does not include and we will not pay for, any diminution in value**.

**AND NOW**, answering the severally numbered articles of the Plaintiff's Complaint, State Farm respectfully avers:

1.

State Farm denies the allegations of Paragraph 1 as written. State Farm admits that it is a foreign insurer authorized to do and doing business in the State of Louisiana. State Farm further admits that it issued policy 98CW66714, subject to all terms and conditions. State Farm avers that the policy, being a written contract, is the best evidence of its terms, conditions, and exclusions which are incorporated as if pled herein in their entirety. State Farm denies everything at variance therewith. State Farm denies it is presently liable to Plaintiffs for either contractual or statutory damages.

2.

The allegations contained in paragraph 2 are denied as written. State Farm admits Hurricane Ida made landfall on or about August 29, 2021. State Farm admits that Plaintiff's Property sustained some damage as a result of Hurricane Ida. The amount and significance of damage sustained by Plaintiff is in dispute. State Farm asserts that all undisputed amounts for which State Farm has received sufficient proof of loss have been timely paid and denies it is presently liable to Plaintiffs for either contractual or statutory damages.

3.

The allegations contained in paragraph 3 are admitted.  State Farm denies it is presently liable to Plaintiffs for either contractual or statutory damages.

4.

The allegations contained in Paragraph 4 are denied as written.   State Farm admits that it received submissions on behalf of Plaintiffs.  State Farm denies the submissions were sworn.  The submissions, being written documents, are the best evidence of their contents. The accuracy and correctness of the submissions are disputed.  State Farm asserts that all undisputed amounts for which State Farm has received sufficient proof of loss have been timely paid and denies it is presently liable to Plaintiffs for either contractual or statutory damages.

5.

The allegations contained in Paragraph 5 are denied.   State Farm specifically asserts that it has complied with all applicable laws and regulations in the handling of Plaintiff's claim and further asserts that all undisputed amounts for which State Farm has received sufficient proof of loss have been timely paid.  State Farm denies it is presently liable to Plaintiffs for either contractual or statutory damages.

6.

The allegations contained in Paragraph 6 are denied.   State Farm specifically asserts that it has complied with all applicable laws and regulations in the handling of Plaintiff's claim and further asserts that all undisputed amounts for which State Farm has received sufficient proof of loss have been timely paid.  State Farm denies it is presently liable to Plaintiffs for either contractual or statutory damages.

7.

The allegations contained in Paragraph 7 are denied.  State Farm specifically asserts that it has complied with all applicable laws and regulations in the handling of Plaintiff's claim and further asserts that all undisputed amounts for which State Farm has received sufficient proof of loss have been timely paid.  State Farm denies it is presently liable to Plaintiffs for either contractual or statutory damages.

8.

The allegations contained in Paragraph 8 are denied.  State Farm specifically asserts that it has complied with all applicable laws and regulations in the handling of Plaintiff's claim and further asserts that all undisputed amounts for which State Farm has received sufficient proof of loss have been timely paid.  State Farm denies it is presently liable to Plaintiffs for either contractual or statutory damages.

9.

The allegations contained in Paragraph 9 are denied.  State Farm specifically asserts that it has complied with all applicable laws and regulations in the handling of Plaintiff's claim and further asserts that all undisputed amounts for which State Farm has received sufficient proof of loss have been timely paid.  State Farm denies it is presently liable to Plaintiffs for either contractual or statutory damages.

10.

State Farm requests for trial by jury.

## **RESERVATION OF RIGHTS**

To the extent permitted by law, State Farm reserves its right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of State Farm and against Plaintiffs, dismissing Plaintiffs' claims with prejudice and at Plaintiffs' costs, for trial by jury, and for all general and equitable relief to which it may be entitled.

Respectfully submitted,

STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK L.L.P.

BY:   s/TODD M. AMMONS
TODD M. AMMONS (BAR #21441)
127 W. Broad, Ste. 400(70601)
Post Office Box 2900
Lake Charles, LA  70602
Phone:  (337) 436-9491
Fax  :  (337) 312-2929
tmammons@ssvcs.com
*Attorneys for State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

s/Todd M. Ammons<br>TODD M. AMMONS